{¶ 44} Based upon the lack of forseeability noted by the trial court and the lack of competent evidence establishing the requisite breach of any legal duty on the part of Rent All Mart, I respectfully dissent. More specifically, as a matter of law, the plaintiffs cannot establish that the conduct of Rent All Mart in this case was the proximate cause of the accident.
 {¶ 45} In straining to find foreseeabilty and to impose unfulfilled duties on the part of Rent All Mart, the majority relies heavily upon inappropriate "conclusions of law" in the affidavit of Plaintiff's safety expert Rago. Among other things, Rago opines that Rent All Mart had a duty to not only supply an OSHA informational packet, but to supervise, monitor, or at least inquire as to the installation of the scaffolding. However, this conclusion is based in large part upon the astonishing notion that Rent All Mart should have known that Bluffton College, "in particular, being a college or a university," would be incompetent to understand or accomplish the task safely — notwithstanding the fact that the College had rented the same scaffolding from Rent All Mart without incident for several years prior to the accident. (For example, there is no indication in the record that Rent All Mart was ever aware the scaffolding was to be installed on grass as opposed to a concrete surface, hence perhaps eliminating the need for base plates — or whether the College routinely hired professional installation help — or whether the College may have routinely used its own base plates or similar equipment, etc.)
 {¶ 46} In sum, Rago and the majority would effectively require that Rent All Mart change the nature of its business from a "do-it-yourself" rental agency to an installer and supervisor of all activities involving items it rents — and in particular, would charge Rent All Mart with the duty to verify, if not assure, the competence of every customer to use each item rented. However, that would be a different business from the business Rent All Mart has openly maintained for many years, although, in hindsight, it is perhaps one Bluffton College should have hired to assist in the installation of its scaffolding. In the meantime, as a scaffolding expert, Mr. Rago is not qualified to unilaterally establish legal duties for a rental business based upon his own opinion about what the nature of Rent All Mart's business should be as opposed to the business Rent All Mart is actually in. Nor are any of his conclusions in this regard competent evidence for this court to rely upon in making its own determination of a legal duty for Rent All Mart.
 {¶ 47} However, even assuming some duty on the part of Rent All Mart, Plaintiffs cannot establish that Rent All Mart's failure to supply the additional OSHA packet in this case constituted a breach of that duty or was the proximate cause of the accident. The scaffolding components Rent All Mart supplied to Bluffton College were labeled with virtually all of the essential installation information contained in the OSHA packets. These "stickers" or labels each state: "CAUTION — IMPROPER USE OF THIS EQUIPMENT WILL RESULT IN SERIOUS INJURY OR DEATH." Immediately below that warning, the labels contain a series of some twenty-six separate instructions and warnings for "Assembly" and "Use" of the components. Included in these are notably, "Begin assembly with base plates and mud sills" and "DO NOT use cross-braces for a platform support." Finally, the labels conclude with the notice "IN ADDITION TO THE ABOVE, FOLLOW ALL FEDERAL, OSHA, STATE AND LOCAL CODES AND REGULATIONS FOR THE PROPER USE OF THIS EQUIPMENT."
 {¶ 48} Despite these warnings, the record indicates that Bluffton College never inquired with anyone about base plates and apparently drove the support posts into the ground up to the cross-braces as their means of anchoring the scaffolding and supporting the platform. Under these circumstances, I do not believe any trier of fact could reasonably conclude that Bluffton College would have altered its installation of the scaffolding so as to prevent this accident, based upon being supplied with additional OSHA packets when the existing warning labels that were in its possession obviously failed to have such a result.
 {¶ 49} Because, I do not believe Rent All Mart had any unfulfilled legal duty to Bluffton College or the injured parties and because I do not believe reasonable minds could differ as to any action of Rent All Mart constituting the proximate cause for this accident, I would affirm the summary judgment of the trial court.